THE STATE EX REL. GESSNER, APPELLANT,
*v.* VORE, SHERIFF, ET AL., APPELLEES.

[Cite as *State ex rel. Gessner v. Vore,* 123
Ohio St.3d 96, 2009-Ohio-4150.]

(No. 2009–0245—Submitted August 11, 2009—Decided August 25, 2009.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing the petition of appellant, Mark E. Gessner, for a writ of mandamus to compel appellees, the sheriff-elect and the acting sheriff of Montgomery County, to provide him with due process of law for a June 2008 notice against trespass issued to him, barring him from specified courthouses.

{¶ 2} For the following reasons, the court of appeals properly dismissed Gessner's petition.

{¶ 3} First, Gessner had an adequate remedy in the ordinary course of law by way of an action under Section 1983, Title 42, U.S.Code, to raise his federal constitutional claims. *State ex rel. Mackey v. Blackwell,* 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 21. He could have filed this action in common

pleas court and joined any state-law claims. See *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 317–318, 725 N.E.2d 663.

{¶ 4} Second, Gessner cites no statute imposing any legal duty on appellees. "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18.

{¶ 5} Finally, notwithstanding Gessner's argument to the contrary, pro se litigants like him must follow the same procedures as litigants represented by counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10.

{¶ 6} Therefore, we affirm the judgment of the court of appeals dismissing Gessner's mandamus petition.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Mark E. Gessner, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and John A. Cumming, Assistant Prosecuting Attorney, for appellees.